UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

Google LLC,

        Plaintiff,

vs

POINTBREAK MEDIA LLC, a limited liability company, also d/b/a Point Break Media, Point Break Solutions, and Kivanni Marketing,

MODERN SOURCE MEDIA, LLC, a limited liability company, also d/b/a ModernSource Media and Modern Source,

MODERN SPOTLIGHT GROUP LLC, a limited liability company, also d/b/a Modern Spotlight,

MODERN SPOTLIGHT LLC, a limited liability company,

PERFECT IMAGE ONLINE LLC, a limited liability company, also d/b/a Perfect Image,

and DOES 1-20

        Defendants.
_____

## PLAINTIFF GOOGLE LLC'S COMPLAINT

This action involves the wrongful conduct of Pointbreak Media LLC, Modern Source Media, LLC, Modern Spotlight Group LLC, Modern Spotlight LLC, and Perfect Image Online LLC (collectively, "Defendants") in making false and misleading representations about their services and supposed affiliation with Plaintiff Google LLC ("Plaintiff" or "Google") in

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

violation of federal law. Google brings this action to put an end to Defendants' wrongful conduct and the ongoing harm to Google and the small business owners they have targeted. Defendants have also been the subject of an intensive Federal Trade Commission investigation that led to a complaint recently filed in this district detailing Defendants' wrongful scheme. *See Federal Trade Commission v. Pointbreak Media, LLC et al.*, No. 0:18-cv-61017.

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

2. Defendant Pointbreak Media LLC ("Pointbreak Media"), also known as "Point Break Media," "Point Break Solutions," and "Kivanni Marketing," was a limited liability company organized under the laws of the State of Delaware with its principal place of business at 951 Broken Sound Parkway, Suite 188, Boca Raton, Florida, 33487. Pointbreak Media was voluntarily cancelled, according to Delaware Division of Corporations' records, on January 5, 2018.

3. Defendant Modern Source Media, LLC ("Modern Source Media"), also known as "ModernSource Media" and "Modern Source," is a limited liability company organized under the laws of the State of Florida with its principal place of business at 550 Fairway Drive, Suite 104, Deerfield Beach, Florida, 33441.

4. Defendant Modern Spotlight Group LLC ("Modern Spotlight Group") was a corporation organized under the laws of the State of Florida with principal places of business, at different times, at 951 Broken Sound Parkway, Suite 188, Boca Raton, Florida, 33487, 550 Fairway Drive, Suite 104, Deerfield Beach, Florida, 33441, and 4730 NW 2nd Ave, Suite 200,

2

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Boca Raton, Florida, 33461.  Modern Spotlight Group was voluntarily dissolved, according to Florida Division of Corporations' records, on February 7, 2018.

5. Defendant Modern Spotlight LLC ("Modern Spotlight") is a limited liability corporation organized under the laws of the State of Florida with a principal place of business of 550 Fairway Drive, Suite 104, Deerfield Beach, Florida, 33441.  Modern Spotlight was voluntarily dissolved, according to Florida Division of Corporations' records, on February 7, 2018.

6. Defendant Perfect Image Online LLC ("Perfect Image"), also known as "Perfect Image," is a limited liability corporation organized under the laws of the State of Florida with its principal place of business at 4730 NW 2nd Ave, Boca Raton, Florida, 33461.

7. Google is informed and believes, and based thereon alleges, that Defendants are an interrelated group of entities engaged in a common scheme to carry out the wrongful conduct alleged below.  Pointbreak Media was the first such entity formed, and it initiated the scheme that has since been perpetuated through a number of additional entities.  Among other ties, Defendants are connected by common officers, employees, funds, and business locations, as detailed by the FTC's investigation and exhibits in the above-referenced action.  (*Federal Trade Commission v. Pointbreak Media, LLC et al.*, No. 0:18-cv-61017.)

8. Defendant Pointbreak Media and Defendant Modern Spotlight Group conducted business from the same suite at 951 Broken Sound Parkway.  Google is informed and believes, and based thereon alleges, that Pointbreak Media transferred funds to Modern Spotlight Group when Pointbreak Media began to come under pressure from lawsuits and consumer complaints, and Modern Spotlight Group in turn helped pay Pointbreak Media employees.  Pointbreak Media and Defendant Modern Source Media share an officer in common, Dustin Pillonato, and these

3

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

entities used the same toll-free number to conduct business.

9. Defendants Modern Spotlight Group and Modern Spotlight share an officer, Michael Pocker, and paid the same employees. Google is informed and believes, and based thereon alleges, that Mr. Pocker signed the lease for Suite 104 at 550 Fairway Drive, and both Spotlight entities have made rent payments on this lease. Defendant Modern Source Media also identifies this same suite as its place of business on its website and in documents filed with the Florida Division of Corporations.

10. Google is informed and believes, and based thereon alleges, that sales representatives of Pointbreak Media, Modern Spotlight Group, and Modern Source Media confirmed the close relationship among these entities during calls with an FTC investigator posing as a small business owner. They variously told the investigator that Modern Spotlight Group had "bought out" Pointbreak Media, that Modern Spotlight Group and Modern Source Media were "sister" companies, that Modern Source Media was a "branch" of Modern Spotlight Group, that the "old name" of Modern Source Media was "Pointbreak," and that Modern Source Media worked "hand-in-hand" with Modern Spotlight Group and Pointbreak Media.

11. Google is informed and believes, and based thereon alleges, that after the Modern Spotlight entities were voluntarily dissolved in February 2018, a representative of Modern Spotlight Group told an FTC investigator that it had merely "relocated offices" and "everything else is still the same." The representative identified Modern Spotlight Group's new address as 4730 NW 2nd Avenue, Suite 200, Boca Raton, Florida, which is the location that Defendant Perfect Image Online currently identifies as its place of business on its website. Perfect Image Online also shares an officer, Steffan Molina, with Modern Spotlight Group.

12. Google is informed and believes, and based thereon alleges, that Defendant

4

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Pointbreak Media effectively rebranded itself and continued its activities initially as Modern Spotlight Group and Modern Spotlight. And following the dissolution of the two Spotlight entities, Defendants have continued their scheme as Modern Source Media and Perfect Image Online.

13.  Google is informed and believes, and based thereon alleges, that Defendants market and have marketed their services throughout Florida and other states through telemarketing calls as well as the websites modernspotlight.com, modernsourcemedia.com, pointbreakmedia.org, point-break.co, and perfectimageonline.com.

14.  Google does not know the true names and capacities of those defendants sued as DOES 1-20 (the "Doe Defendants"), and therefore sues them under fictitious names. On information and belief, the Doe Defendants have participated in the scheme at issue in this Complaint, including by directing, aiding, and/or assisting the named Defendants in connection with the wrongful acts alleged herein. Google is unable to identify all such Doe Defendants by name because Defendants have purposely obscured the identities and acts of the specific individuals and entities that have directed or otherwise participated in the scheme. Google will amend this Complaint to allege the true names and capacities of these Doe Defendants when they are ascertained.

## JURISDICTION AND VENUE

15.  This action arises under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. (the "Lanham Act").

16.  This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

17.  This Court has personal jurisdiction over Defendants because:  (i) Defendants

5

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

maintain their principal place of business in the State of Florida and in this judicial district; (ii) Defendants have caused their services to be advertised, promoted, and offered in connection with the GOOGLE trademark in the State of Florida and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendants' contacts with the State of Florida and this judicial district; and (iv) Defendants have caused tortious injury to Google in the State of Florida and this judicial district.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because: (i) Defendants maintain their principal place of business in the State of Florida and in this judicial district; (ii) Defendants have caused their services to be advertised, promoted, and offered in connection with the GOOGLE trademark in the State of Florida and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendants' contacts with the State of Florida and this judicial district; and (iv) Defendants have caused tortious injury to Google in the State of Florida and this judicial district.

## FACTUAL BACKGROUND

## GOOGLE AND THE GOOGLE TRADEMARK

19. Google is a well-known provider of search engine, advertising, web application, social networking, and other services. Since its inception, Google has devoted substantial time, effort, and resources to the development and extensive promotion of its goods and services under the GOOGLE trademark. As a result, the GOOGLE mark has acquired significant recognition in the marketplace and has come to embody the substantial and valuable goodwill of Google. To protect the GOOGLE mark for its exclusive use and as notice to the public of its claim of ownership therein, Google owns numerous trademark registrations for the GOOGLE mark and variations thereof, including but not limited to: U.S. Registration Nos. 2,806,075; 2,884,502;

6

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

4,058,966; 4,120,012; 4,123,471; 4,168,118; 4,202,570; 4,217,894; 4,525,914; 5,324,609; and 5,324,610.

## GOOGLE LISTINGS AND GOOGLE MY BUSINESS

20. When users run searches on Google's Search, Maps, or Google+ services, the search results can include business listings that correspond to the search. These listings display various information about a business, including the business's street address, hours, a link to the business's website, etc.

21. For several years, Google has offered free services for businesses to manage their listings that appear in Google search results. Google currently offers these services as part of the Google My Business ("GMB") platform. Among other features, GMB allows a business to access and edit the information that appears in its Google listings, such as updating business hours or the street address or adding photos and a website.

22. To use these free tools, a business creates a GMB account and then either creates a new Google listing for its business or claims an existing listing that has already been generated by Google. To gain control of a Google listing, a person must verify that he or she is the owner or other authorized representative of the business. Following this verification process, the person becomes the account "owner" and may edit that business's listings, grant access to the account to other users, and use various other GMB tools and features.

## DEFENDANTS' BUSINESS AND USE OF THE GOOGLE MARK

23. Google is informed and believes, and based thereon alleges, that Defendants offer online marketing services to small businesses throughout Florida and nationwide, including but not limited to services purporting to display, modify, or optimize a small business's Google listings.

7

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

24. Google is informed and believes, and based thereon alleges, that Defendants make extensive, unauthorized, and misleading use of the GOOGLE mark during telemarketing calls in order to confuse business owners regarding Google's relationship to Defendants and Defendants' services. Specifically, Defendants' agents falsely represent to business owners that they are a "service provider for Google," a "Google specialist," are authorized by or affiliated with Google, or similar misrepresentations.

25. These representations are false. In fact, Defendants do not work on behalf of Google, are not service providers for Google, and are not otherwise affiliated with or authorized by Google to perform any services.

26. Google is informed and believes, and based thereon alleges, that Defendants' use of the GOOGLE mark described above is likely to cause and has caused confusion among the business owners targeted by Defendants' scheme regarding the relationship between the parties and their respective services, including that Google is associated with Defendants, or that Google approves of or endorses Defendants, their telemarketing calls, or their services.

27. Google is informed and believes, and based thereon alleges, that Defendants exploit such confusion to induce small business owners to spend hundreds of dollars on Defendants' services.

28. Google is informed and believes, and based thereon alleges, that Defendants' false or misleading representations also include express or implied claims that: (i) unless a business "verifies" or "validates" its Google listings with Defendants, Google will label the business's listings as "permanently closed," remove the business's listings from search results, or "push" the listings down in search results so consumers will not be able to find the business; (ii) a business can obtain various benefits or services related to Google My Business from Google

8

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

only by paying hundreds of dollars; (iii) Defendants can "claim" keywords in connection with a business's Google listings to make such listings more prominent; (iv) Defendants have an affiliation or other close relationship with Google or Google's offerings, as described in paragraph 24 above.

29. These representations by Defendants are false. In fact, there is no need for a business to "verify" or "validate" a listing to avoid being removed from or lowered in Google search results, or to avoid being labeled as permanently closed. Neither must a business purchase services from Defendants or any other party to ensure the proper display of its Google listings. Moreover, there is no way to "claim" keywords in connection with Google business listings. In addition, as already explained, the claims Defendants make about their relationship with Google are false.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

30. Google realleges and incorporates herein by this reference paragraphs 1 through 29 of this Complaint as if fully set forth here.

31. Google owns the inherently distinctive, strong, valid, and registered GOOGLE trademark.

32. Without Google's consent, Defendants have used the GOOGLE mark in commerce to advertise and offer Defendants' services.

33. Defendants' actions as described herein have caused and are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Google, as to the true source of Defendants' services, and as to the sponsorship or approval of Defendants or Defendants' services or telemarketing activities by Google.

9

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

34. Defendants are not affiliated or associated with Google or its services, and Google does not approve of or sponsor Defendants or any of Defendants' activities or services.

35. Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Google and the GOOGLE mark.

36. The actions of Defendants described above constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

37. Google has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless Defendants are enjoined by this Court. Google has no adequate remedy at law in that the amount of harm to Google's business and reputation and the diminution of the goodwill of the GOOGLE mark are difficult to ascertain with specificity. Google is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

38. Google is entitled to damages in an amount to be determined at trial and to any profits made by Defendants in connection with their infringing activities.

39. Defendants' infringement of the registered GOOGLE mark is deliberate, willful, fraudulent, and without extenuating circumstances, and constitutes a knowing use of Google's trademark. Defendants' infringement is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Google is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## **SECOND CAUSE OF ACTION**

## **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125**

40. Google realleges and incorporates herein by this reference paragraphs 1 through 29 of this Complaint as if fully set forth here.

41. Google owns the inherently distinctive, strong, valid, and registered GOOGLE trademark as well as common law rights in the GOOGLE mark.

42. Without Google's consent, Defendants have marketed and sold in commerce services in connection with the GOOGLE mark.

43. Defendants' actions as described herein have caused and are likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants with Google, as to the true source of Defendants' services, and as to the sponsorship or approval of Defendants or Defendants' services by Google.

44. Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1).

45. Google has been, and will continue to be, damaged and irreparably harmed by the actions of Defendants, which will continue unless enjoined by this Court.  Google has no adequate remedy at law in that the amount of harm to Google's business and reputation and the diminution of the goodwill of Google's trademark are difficult to ascertain with specificity. Google is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

46. Defendants' unfair competition and false designation of origin are deliberate, willful, fraudulent, and without extenuating circumstances.  Defendants' conduct is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

11

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Google is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests the following relief:

A. That Google be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq.*, specifically, that Defendants and all of their officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert or participation with them, be preliminarily and permanently enjoined from: (i) using the GOOGLE trademark or variations thereof in connection with the marketing, promotion, advertising, sale, or distribution of any products or services (except as reasonably necessary to identify Google's own products and services); (ii) using any false designation of origin or any false description that can, or is likely to, mislead the public, or individual members thereof, to believe that any product or service distributed, sold, offered for sale, or advertised by Defendants is in any manner associated with or approved or sponsored by Google; (iii) representing in any manner that Defendants or their sales agents are endorsed or sponsored by Google, or represent or work on behalf of Google, or are affiliated or associated with Google; and (iv) any other infringing or misleading conduct discovered during the course of this action;

B. That Defendants file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

12

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

C. That Defendants are adjudged to have violated 15 U.S.C. § 1114(1) by infringing the GOOGLE mark;

D. That Defendants are adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Google and by using a false designation of origin for Defendants' services;

E. That Google be awarded damages in an amount sufficient to compensate it for damage caused by Defendants' acts;

F. That this Court order an accounting of Defendants' profits pursuant to Defendants' unlawful activities and award all of said profits to Google;

G. That Google be awarded three times Defendants' profits and three times Google's damages suffered as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

H. That Google be awarded its attorneys' fees and costs in this action under 15 U.S.C. § 1117 as a result of Defendants' Lanham Act violations;

I. That Google be granted prejudgment and post judgment interest; and

J. That Google be granted such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Google hereby respectfully demands a trial by jury of all issues triable of right by a jury.

*[signature on following page]*

CASE NO.

| | |
|---|---|
| Date:  May 22, 2018 | Respectfully submitted, |

**LOTT & FISCHER, PL**

s/ Ury Fischer
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Leslie J. Lott
Florida Bar No. 182196
E-mail: ljlott@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

**COOLEY LLP**

Whitty Somvichian*
E-mail:  wsomvichian@cooley.com
101 California Street, 5TH Floor
San Francisco, CA  94111
Telephone:  (415) 693-2061
Facsimile:  (415) 693-2222

Brendan J. Hughes*
E-mail:  bhughes@cooley.com
Rebecca Givner-Forbes*
E-mail:  rgf@cooley.com
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004
Phone: (202) 842-7826
Facsimile:  (202) 842-7899

*To be admitted Pro Hac Vice*

*Attorneys for Plaintiff, Google LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Ury Fischer
Ury Fischer